The Honorable W.H. "Dub" Arnold Prosecuting Attorney Ninth Judicial District, East P.O. Box 480 Arkadelphia, AR 71923
Dear Mr. Arnold:
This is in response to your request for an opinion on the following questions:
 1. Whether the Arkadelphia City Police Department has the authority, or jurisdiction to execute process including arrest warrants in Clark County, outside the corporate limits of the municipality of Arkadelphia, Arkansas?
 2. In the event such execution of process is outside the Arkadelphia Police Department's jurisdiction or authority, is it proper for the Clark County Sheriff's Department to charge a fee for serving city warrants outside the corporate limits of the municipality?
It is my opinion that city police officers do have authority to serve process outside the municipal limits, but within the county. This conclusion is based upon an interpretation of A.C.A. 14-52-202, which provides in pertinent part as follows:
 (a) The chief of police in cities of the first class shall execute all process directed to him by the mayor and shall, by himself or by someone else on the police force, attend on the sitting of the police court to execute its orders and preserve order therein.
 (b)(1) The chief of police shall have power to appoint one (1) or more deputies from the police force, for whose official acts he shall be responsible, and by whom he may execute all process directed to him.
 (2) He shall have power, by himself or by deputy, to execute all such process in any part of the county in which the police court is situated. [Emphasis added.]
You indicate that the emphasized language can be read so as to restrict the area of authority to the part of the county in which the police court is located, meaning, in your county, to the corporate limits of the city of Arkadelphia. This interpretation might have had some arguable validity before the enactment of Act 726 of 1989. That act, a copy of which is enclosed, amends subsection (b)(2) so as to read:
 (b)(2) He shall have power, by himself or by deputy, to execute all such process in any part of the county in which the police court is situated or in which the municipal court has jurisdiction. [Emphasis added.]
In Arkansas, municipal courts have county-wide jurisdiction. A.C.A. 16-17-704 (Supp. 1987). Thus, the chief of police or his deputies have the authority to execute process county-wide.
Because your first question was answered in the affirmative, resolution of your second question is unnecessary.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elena L. Cunningham.
Sincerely,
STEVE CLARK Attorney General
SC:arb
A copy of Act 726 of 1989 was attached to this opinion.